IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IRFAN ZAVERI<br>    *Plaintiff,*<br><br>v.<br><br><br>CIVIC FINANCIAL SERVICES LLC,<br>FAY SERVICING LLC,<br>CIVIC SECURITIZATION TRUST II<br>    *Defendants.* | §§§§§§§§§§§§§§§  CIVIL ACTION  4:20-cv-2000 |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants CIVIC FINANCIAL SERVICES LLC, FAY SERVICING LLC and CIVIC SECURITIZATION TRUST II FAY SERVICING LLC remove this action from the 240th Judicial District Court, FORT BEND County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, as follows:

### I.     STATE COURT ACTION

1. On JUNE 02, 2020 Plaintiff IRFAN ZAVERI (hereinafter "Plaintiff" or "ZAVERI") filed its live petition (hereinafter "the Petition") in the 240th Judicial District Court of FORT BEND County, Texas styled *IRFAN ZAVERI vs. CIVIC FINANCIAL SERVICES LLC, FAY SERVICING LLC and CIVIC SECURITIZATION TRUST II FAY SERVICING LLC* and bearing Cause No. 20-DCV-273786.

2. In the State Court Action, Plaintiffs seek declaratory judgment, injunctive and other relief seeking to prevent foreclosure of the property located at 827 BUCKEYE PL, MISSOURI CITY, TX 77459 (the "Property"). Plaintiff also seeks an accounting as well as relief under the Texas Debt Collection Practices Act.

## II.  PROCEDURAL REQUIREMENTS

3. This lawsuit was filed in the 240TH District Court of FORT BEND County, Texas on JUNE 02, 2020. Court records reflect no Defendant has yet to have been served.

4. Removal is timely because thirty days have not elapsed since any defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1).

5. Defendants CIVIC FINANCIAL SERVICES LLC, FAY SERVICING LLC and CIVIC SECURITIZATION TRUST II FAY SERVICING LLC remove the State Court Action to this Court on the basis of diversity jurisdiction.

6. This action is properly removed to this Court, as the lawsuit is pending within the district and division.[1]

7. The United States District Court for the Southern District of Texas, HOUSTON Division has original jurisdiction over this action based on diversity jurisdiction because Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount.[2]

8. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule LR81, this Notice of Removal is accompanied by copies of the following materials:

| Exhibit | Document |
|---|---|
| A | Civil Cover Sheet; |

---

[1] 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).
[2] 28 U.S.C. §§ 1331 and 1332(a).

|   |   |
|---|---|
| B | List of All Counsel of Record; |
| C | Index of Documents Filed in the State Court Action and Docket Sheet; |
| D | FORT BEND County Central Appraisal District Residential Account Detail Report for the Subject Property. |

9. Simultaneously with the filing of this Notice of Removal, Defendants CIVIC FINANCIAL SERVICES LLC, FAY SERVICING LLC and CIVIC SECURITIZATION TRUST II FAY SERVICING LLC are filing a copy of the Notice of Removal in the 240th Judicial District Court, FORT BEND County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.  DIVERSITY JURISDICTION

10. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.00.

    A.  **COMPLETE DIVERSITY EXISTS**

11. The State Court Action may be removed to this Court because it arises under 28 U.S.C. §1332 (Diversity of Citizenship).

12. Upon information and belief, Plaintiff is resident of the State of Texas residing at 827 Buckeye Pl, Missouri City, TX  77459.[3]

13. Defendant Fay Servicing, LLC is a single member limited liability company. A limited liability company's citizenship is determined by its members.[4] Defendant Fay Servicing

---

[3] Pl's. Pet. ¶ 2.
[4] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).

has only one member, Fay Management, LLC, which is a Delaware limited liability company. Thus, Fay is a citizen of Delaware for diversity purposes.

14. Defendant Civic Financial Services, LLC is a limited liability company. The sole member of Civic Financial Services, LLC is Civic Ventures, LLC. The sole member of Civic Ventures, LLC is Wedgewood, LLC. Wedgewood LLC is a Delaware limited liability company. Its members are Gregory Geiser, David R. Wehrly and Darn S. Puhl. All of three members are citizens of California. Defendant Civic Financial Services, LLC is therefore a citizen of California for diversity purposes.

15. CIVIC SECURITIZATION TRUST II is a trust organized under DELAWARE.[5] Civic Financial Services, LLC is the Trustee of CIVIC SECURITIZATION TRUST II. Civic Financial Services, LLC is a limited liability company. The sole member of Civic Financial Services, LLC is Civic Ventures, LLC. The sole member of Civic Ventures, LLC is Wedgewood, LLC. Wedgewood LLC is a Delaware limited liability company. Its members are Gregory Geiser, David R. Wehrly and Darn S. Puhl. All of three members are citizens of California. CIVIC SECURITIZATION TRUST II is therefore a citizen of California for diversity purposes.

16. Because Plaintiff is a citizen of Texas and Defendants are not citizens of Texas, complete diversity exists between the parties.[6]

### B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

17. Plaintiff seek from the court a finding that the attempted foreclosure sale of the Property. Plaintiffs also seek injunctive relief to maintain title to and possession of the Property.[7]

---

[5] "For purposes of diversity jurisdiction, the citizenship of a trust is determined by the citizenship of its trustee." Leal, 2012 WL 5465978, at *6 n.5; see also Wells Fargo Bank, N.A., 670 F. Supp. 2d at 561; Navarro Sav. Ass'n, 446 U.S. at 464-65.
[6] 28 U.S.C. § 1332(c)(1).
[7] Pl's Pet. – Prayer.

In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation.[8] The court makes the amount in controversy determination from the perspective of the plaintiff; the proper measure is the benefit or value to the plaintiff, not the cost to the defendant.[9] Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[10] In addition, when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.[11] Therefore, the amount in controversy with respect to Plaintiff's claims is the fair market value of the property.

18. Further, the Court may also consider actual damages and attorney fees in determining the amount in controversy.[12]

19. Given that Plaintiff seek declaratory relief to stay the foreclosure sale of the Property, the entire value of the Property is squarely at issue.[13] According to the FORT BEND County Appraisal District, the current fair market value of the Property is $222,860.00.[14]

---

[8] *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).
[9] *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.1 (5th Cir. 1996).
[10] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). I
[11] *Nationstar Mortgage, LLC v. Knox*, No. 08-60887, 351 F. App. 844, 848 (5th Cir. Aug. 25, 2009) (quoting Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547–48 (5th Cir. 1961)).
[12] *White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).
[13] *Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *Nationstar Mortgage LLC*, 351 Fed. App'x at 848; *Martinez*, 777 F. Supp. 2d. at 1047; *Waller*, 296 F.2d at 547-548.
[14] Exhibit D.

20. Additionally, Plaintiff seeks actual damages, economic damages, punitive damages and exemplary damages.[15] Although Defendants will vehemently deny that Plaintiff is entitled to any declaratory relief, or damages, when these amounts, along with the value of the Property, are all included in the amount in controversy calculus, it is facially apparent that the value of the relief sought by Plaintiffs in this matter exceeds $75,000.00, exclusive of interest and costs.

21. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, removal is proper.

## IV.   CONCLUSION

WHEREFORE, Defendants CIVIC FINANCIAL SERVICES LLC, FAY SERVICING LLC and CIVIC SECURITIZATION TRUST II FAY SERVICING LLC remove this action from the 240th Judicial District Court of FORT BEND County, Texas to the United States District Court for the Southern District of Texas, HOUSTIN Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[15] Pl's Pet. – Prayer.

*Respectfully Submitted,*

JACK O'BOYLE & ASSOCIATES


  */s/ Travis H. Gray*
Travis H. Gray
SBN: 24044965
travis@jackoboyle.com
Chris S. Ferguson
SBN:  24068714
chris@jackoboyle.com
P.O. BOX 815369
DALLAS, TX 75381
P: 972.247.0653 | F: 972.247.0642
*ATTORNEYS FOR DEFENDANTS CIVIC FINANCIAL SERVICES LLC, FAY SERVICING LLC and CIVIC SECURITIZATION TRUST II FAY SERVICING LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that a true, correct and complete copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure on June 7, 2020 to:

Brandy Michelle Alexander
**ALEXANDER LAW, PLLC**
6200 Savoy Drive, Suite 1202
Houston, TX  77036
P: 832 460 3307
F: 832 460 3334
brandyalexander@alexanderpllc.com
*COUNSEL FOR PLAINTIFF*
*IRFAN ZAVERI*

*/s/ Travis H. Gray*
Travis H. Gray